IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Walter W. Wilson, III, | ) | C/A No. 2:14-1615-SB-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| GMAC Mortgage LLC and Federal Home Loan Mortgage Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed by the Plaintiff, pro se, seeking to overturn an alleged wrongful foreclosure judgment in state court and to enjoin his eviction from his residence.[1] Plaintiff alleges jurisdiction in this Court for his claims pursuant to 42 U.S.C. § 1983, 12 U.S.C. § 2601, et seq., (RESPA), and 15 U.S.C. § 1692, et seq. (FDCPA). Plaintiff also asserts jurisdiction in this Court pursuant to diversity jurisdiction.

One of the Defendants, GMAC Mortgage, LLC, filed a Notice of Bankruptcy Status on December 17, 2014. [2] The other Defendant, the Federal Home Loan Mortgage Corporation,

[1]In addition to seeking ultimate relief on the merits with respect to his claims, as well as monetary damages, Plaintiff initially also sought injunctive relief. Plaintiff's request for injunctive relief was relief was denied by Order file April 23, 2014. See Court Docket No. 5.

[2]Although GMAC Mortgage, through its filing of a Notice of Bankruptcy Status, argues that Plaintiff is barred from pursuing his requested relief against this Defendant, since, for the reasons set forth hereinabove, the undersigned finds that this Court does not even have jurisdiction to hear (continued...)





together with GMAC Mortgage, LLC (hereinafter "Defendants"), then filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on January 7, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 16, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file an adequate response, the Defendants' motion could be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on February 20, 2015.

The Defendants' motion for is now before the Court for disposition.[3]

**Allegations of the Complaint**

Plaintiff alleges in his Complaint that on August 1, 2007 he gave a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for USAA Federal Savings Bank, and that at some point unbeknownst to Plaintiff, the Note and Mortgage were allegedly sold to the Defendant Federal Home Loan Mortgage Corporation, also known as Freddie Mac. Plaintiff further alleges that his note and mortgage were "allegedly" assigned by MERS to the Defendant GMAC, and that on or about August 16, 2012, GMAC filed a foreclosure complaint against him in state court. Plaintiff alleges that the foreclosure complaint had no copy of the Note or Mortgage attached as exhibits.

Plaintiff further alleges that on or about November 26, 2013, an Order awarding

---

[2](...continued)
Plaintiff's claims, it is not necessary to reach this issue.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





foreclosure was granted and filed by the Master in Equity for Charleston County.[4] Plaintiff alleges that his property was thereafter sold to Freddie Mac at a foreclosure sale on or about February 16, 2014, with the property thereafter being transferred to Freddie Mac by foreclosure deed.[5] Plaintiff alleges that he then received a letter from the office of the Charleston County Sheriff on or about April 3, 2014 advising him of the court order and of their intent to evict him from his property on April 24, 2014.[6]

Plaintiff alleges in his Complaint that the assignment of his Note and Mortgage to GMAC was invalid under South Carolina law, that GMAC fraudulently misrepresented itself as the owner and holder of the Note and Mortgage, that GMAC failed to produce the original Note showing all the intervening and necessary endorsements that would validate and prove its ownership as required by South Carolina law, that Freddie Mac was in actuality the owner of the Note, and that the judgment and order for sale entered by the Master in Equity for Charleston County was therefore invalid. Plaintiff seeks to have this Court set aside the allegedly wrongful foreclosure (First Cause of Action), and also asserts a claim for misrepresentation against GMAC (Second Cause of Action), a claim for wrongful eviction (Third Cause of Action), and seeks monetary damages (Fourth Cause of Action). See generally, Plaintiff's Complaint.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the

---

[4]Plaintiff has attached a copy of the judgment order to his Complaint as Exhibit C.

[5]Plaintiff has attached a copy of the Masters Foreclosure Deed to his Complaint as Exhibit D.

[6]Plaintiff has attached a copy of this eviction letter to his Complaint as Exhibit E.





allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, after careful review and consideration of the allegations of the Complaint and the arguments presented pursuant to the standards for a Rule 12 motion to dismiss, the undersigned finds for the reasons set forth hereinbelow that the Defendants are entitled to judgment in this case.

**I.**

First, through the filing of this lawsuit, Plaintiff is clearly challenging the state judgment issued by the Master in Equity for Charleston County awarding the Defendant GMAC a judgment of foreclosure. As is set forth both in the allegations of Plaintiff's Complaint as well as in his own exhibits,[7] a state court foreclosure action was commenced on August 16, 2012 by GMAC. Thereafter, by order filed November 26, 2012, the Master in Equity entered his order in which he found that the Plaintiff herein was in default and that the Defendant GMAC was entitled to an order of foreclosure on the property. See Plaintiff's Complaint, ¶¶ 24, 27, 28 and 31; see also Complaint,

[7]Plaintiff's exhibits attached to his Complaint can be considered by this Court in ruling on the Defendants' motion to dismiss. Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999) [In addition to the factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any documents that are "integral to and explicitly relied on the complaint"]; Olson v. Midland Funding, LLC, 578 Fed.Appx. 248, 250 (4th Cir. 2014) ["In considering a Fed.R.Civ.P. 12(b)(6) motion, a court may consider the complaint itself and any documents that are attached to it . . . ."] (internal citations omitted).





attached Exhibits B and C. The order of foreclosure became final when the thirty day deadline to appeal the judgment of foreclosure expired. SCACR 203(b)(1); see also SCACR 203(b)(4). Plaintiff does not allege, and there is no evidence before the Court to show, that Plaintiff ever appealed the judgment of foreclosure in his state case.

Defendant correctly notes that the Plaintiff had the opportunity to present his defenses to the foreclosure at issue at the hearing held before the state Master in Equity, and he may not relitigate those claims now in this federal lawsuit. Hilton Head Center of South Carolina, Inc. v. Public Service Commission of South Carolina, 362 S.E.2d 176, 177 (S.C. 1987) [Under the doctrine of res judicata "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit"']. Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. Therefore, this federal case is barred and must be dismissed pursuant to the doctrine of res judicata, as the pleadings in the case at Bar and in Plaintiff's state foreclosure action show that the parties or such parties privies[8] in this action and the state court foreclosure action are the same, there is identity of the subject matter, and there was an adjudication on the merits in the state court action. Riedman Corp. v. Greenville Steel Structures, Inc., 419 S.E.2d 217, 281 (S.C. 1992) [res judicata established where there is identity of the parties, identity of the subject matter, and there was an adjudication of the issue in the former suit].

---

[8]Privies are persons who have mutual or successive relationships to the same property rights and were legally represented at trial. South Carolina Dep't of Social Servs v. Winyah Nursing Homes, 320 S.E.2d 464, 468-469 (S.C.Ct.App. 1984) (citing First Nat'l Bank of Greenville v. U.S. Fidelity & Guaranty Co., 35 S.E.2d 47 (S.C. 1945).





**II.**

Additionally, this Court also lacks subject matter jurisdiction to review the judgment of the state court pursuant to the Rooker-Feldman Doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This doctrine makes clear that jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court, and that lower federal courts are generally prohibited from reviewing state court decisions. See also Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) [Rooker-Feldman Doctrine bars a federal court from asserting jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"]. The Rooker-Feldman Doctrine not only bars federal courts from reviewing issues actually presented to and decided by a state court, but also any issues that would be "inextricably intertwined" with questions ruled on by a state court; i.e., where in order to grant the federal plaintiff relief the federal court would have to determine that the state court judgment was erroneously entered or would be required to take action that would render the state court judgment ineffectual. Plyler, 129 F.3d at 731; Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997).

Here, Plaintiff is clearly attempting to attack the validity of the state court foreclosure proceedings and judgment, and in order to provide Plaintiff with relief this Court would be required to invalidate the judicial findings made in the state court foreclosure action. As such, this Court lacks subject matter jurisdiction to review that judgment under the Rooker-Feldman Doctrine.





**III.**

Defendants also note in their Rule 12 brief that Plaintiff, through counsel, has filed a Notice of Motion and Motion to Set Aside Judgment in his state court case, which defense counsel represents was scheduled for hearing on January 15, 2015. See Defendants' Brief, attached Exhibit 1 (Motion to Set Aside Judgment). Therefore, this case is also subject to dismissal pursuant to the Younger abstention doctrine, which provides that a federal court should not interfere with ongoing state court proceedings. Younger v. Harris, 401 U.S. 37 (1971); see also Dennis v. HSBC Mortg. Services, Inc., No. 10-2693, 2011 WL 3876916, at * 3 (D.S.C. Aug. 11, 2011), citing Shaffer v. Heitner, 433 U.S. 186, 207-208 (1977).

**IV.**

Finally, merely referencing in his Complaint that certain federal laws have been violated does not render jurisdiction appropriate in this case.[9] See Republic Finance v. Cauthen, 343 F.Supp.2d 529, 532 (N.D.MS. 2004) [Federal jurisdiction is not invoked by merely citing a federal statute]. The general rule governing pleading federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation to a federal statute, and a mere allegation that a federal statute has been violated is not sufficient to invoke federal jurisdiction. Lopes v. Vieira, 488 F.Supp.2d 1000 (E.D.CA. 2007); Scott v. Wells Fargo Home Mortgage, Inc., 326 F.Supp.2d 709 (E.D.VA. 2003).[10]

---

[9] As previously referenced, Plaintiff cites 42 U.S.C. § 1983 federal civil rights statute that does not even apply to private parties), 12 U.S.C. § 2601, et seq. (RESA), and 15 U.S.C. § 1692 et seq. (FDCPA), as being the basis for his claims.

[10] Although Plaintiff also apparently seeks relief under state law pursuant to diversity jurisdiction, to the extent that is his intent, any such state law claims would also be barred for the (continued...)





**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted,** and that this case be **dismissed**. Iqbal, 129 S.Ct. at 1949 [Complaint subject to dismissal under Rule 12 where allegations fail to set forth a plausible claim for relief]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ["Complaint must contain facts which state a claim as a matter of law"].

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 25, 2015
Charleston, South Carolina

[10](...continued)
reasons set forth herein.





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



