IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Walter W. Wilson, III,           )
                                 )
            Plaintiff,           )        Civil Action No. 2:14-cv-01615-SB
      v.                         )
                                 )        **ORDER**
GMAC Mortgage, LLC and Federal   )
Home Loan Mortgage Corporation,  )
                                 )
            Defendants.          )
_____)



Plaintiff Walter W. Wilson, III ("the Plaintiff" or "Wilson") filed this *pro se* complaint on April 23, 2014, seeking to set aside an allegedly wrongful foreclosure in state court and to enjoin his eviction from his residence.  The Defendants filed a motion to dismiss on January 7, 2015.  In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1), the matter was referred to a United States Magistrate Judge for preliminary review, and on February 25, 2015, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court grant the Defendants' motion to dismiss.  The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within fourteen days after being served with a copy of that report).  In addition, the Plaintiff filed a motion to amend his complaint, which the Defendants oppose.

**BACKGROUND**

According to the Plaintiff's complaint, he gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for USAA Federal Savings Bank on

August 1, 2007, and at some point unknown to the Plaintiff, the note and mortgage were sold to Defendant Federal Home Loan Mortgage Corporation, also known as Freddie Mac. The Plaintiff alleges that his note and mortgage were "allegedly" assigned by MERS to Defendant GMAC, and that on or about August 16, 2012, GMAC filed a foreclosure complaint against him in state court. The Plaintiff claims that the foreclosure complaint had no copy of the note or mortgage attached. The Plaintiff further claims that on November 26, 2013, the Master-in-Equity for Charleston County issued an order awarding foreclosure, and the Plaintiff's property was thereafter sold to Freddie Mac at a foreclosure sale on or about February 16, 2014, with the property thereafter being transferred to Freddie Mac by foreclosure deed. According to the Plaintiff, he received a letter from the office of the Charleston County Sheriff on or about April 3, 2014, advising him of the court order and of the intent to evict him from his property on April 24, 2014.



In his complaint, the Plaintiff asserts the following: that the assignment of his note and mortgage to GMAC was invalid under South Carolina law; that GMAC fraudulently misrepresented itself as the owner and holder of the note and mortgage; that GMAC failed to produce the original note showing all of the intervening and necessary endorsements that would validate and prove its ownership as required by South Carolina law; that Freddie Mac was actually the owner of the note; and that the judgment and order for sale entered by the Master in Equity for Charleston County was invalid.

## STANDARD OF REVIEW

### I.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). Additionally, the court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## II.    The Magistrate Judge's R&R

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which the objection is made and the basis for the objection. Id.



## ANALYSIS

In the R&R, the Magistrate Judge first noted that the Plaintiff's complaint challenges the state judgment issued by the Master-in-Equity for Charleston County, which awarded Defendant GMAC a judgment of foreclosure. The Magistrate Judge next determined that the Plaintiff had the opportunity to present his defenses to the foreclosure at issue at the hearing held before the Master-in-Equity, and the doctrine of *res judicata* precludes him

3

from re-litigating those claims now in this federal suit. In addition, the Magistrate Judge determined that the Court lacks subject matter jurisdiction to review the state court judgment pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine, which makes clear that jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court, and that lower federal courts are generally precluded from reviewing final state court decisions. Next, the Magistrate Judge noted that the Plaintiff had filed a motion to set aside in the state court case, which was scheduled for hearing in early 2015; thus, the Magistrate Judge also determined that the case is subject to dismissal pursuant to the <u>Younger</u> abstention doctrine, which provides that a federal court should not interfere with ongoing state proceedings. <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Finally, the Magistrate Judge noted that the federal question jurisdiction is not invoked merely by citing a federal statute.



In his objections to the R&R, the Plaintiff contends that the Magistrate Judge erred by: (1) finding that the doctrine of *res judicata* bars his claims; (2) finding that the <u>Rooker-Feldman</u> Doctrine bars his claims; and (3) finding that his allegations are insufficient to invoke federal question jurisdiction.

### Res Judicata

The doctrine of *res judicata* "bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." <u>Plum Creek Dev. Co. v. City of Conway</u>, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999). Pursuant to the doctrine, "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." <u>Id.</u> (quoting <u>Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv.</u>

4

Comm'n of South Carolina, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)); see also Catawba Indian Nation v. State, 407 S.C. 526, 537, 756 S.E.2d 900, 906-07 (2014) (quoting the same). The doctrine of *res judicata* may be applied if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction. Id. (citations omitted).

Here, the Plaintiff contends that the doctrine of *res judicata* does not bar his claims because the parties in this action and the state foreclosure action are not the same, as Freddie Mac is a new Defendant in this action and is not in privity with GMAC. After review, however, the Court disagrees with the Plaintiff. As the Magistrate Judge noted, privies are persons "who have mutual or successive relationships to the same property rights and were legally represented at trial." South Carolina Dep't of Social Servs. v. Winyah Nursing Homes, 320 S.E.2d 464, 468-469 (S.C. Ct. App. 1984) (citation omitted). Here, although Freddie Mac was not a named party in the foreclosure action, privity exists between GMAC and Freddie Mac; GMAC initiated the state foreclosure action against the Plaintiff upon his default on his mortgage, and Freddie Mac purchased the property at the foreclosure sale. As such, successive relationships to the same property rights exist with respect to the parties in both actions. The Court finds the Plaintiff's objection to be without merit and agrees with the Magistrate Judge that the doctrine of *res judicata* precludes the Plaintiff from re-litigating issues that could have been raised in the former suit.

### The *Rooker-Feldman* Doctrine

The Plaintiff next objects that the Magistrate Judge erred in recommending that the Court dismiss this case pursuant to the Rooker-Feldman doctrine. See Rooker v. Fidelity

Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

"[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463,(2006) (per curiam). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, the Plaintiff is attacking the validity of the state court foreclosure proceedings and, to provide the Plaintiff the relief he requests, this Court would have to wade into and invalidate findings made in the foreclosure action. Despite the Plaintiff's conclusory objection to the contrary, to do so would violate the Rooker-Feldman doctrine. Therefore, the Court finds the Plaintiff's objection to be without merit and agrees with the Magistrate Judge that the Court lacks jurisdiction pursuant to the Rooker-Feldman doctrine.

### *Younger Abstention*

The Plaintiff next objects to the Magistrate Judge's recommendation that the Court abstain pursuant to Younger v. Harris based on the filing by the Plaintiff of a motion to set aside judgment in the underlying foreclosure action. The so-called Younger abstention doctrine provides that a federal court should not interfere with ongoing state proceedings. Younger v. Harris, 401 U.S. 37 (1971).

Here, the Plaintiff points out that the Master-in-Equity, subsequent to the filing of the R&R, heard and denied the Plaintiff's motion in the underlying action. While the Plaintiff

6

is correct that <u>Younger</u> abstention no longer applies based on events that occurred subsequent to the filing of the R&R, this does not alter the Court's other findings regarding the viability of this suit.

### Federal Question Jurisdiction

Finally, the Plaintiff objects to the Magistrate Judge's determination that the Court lacks subject matter jurisdiction, and he contends that he has alleged the existence of a federal question. Although paragraph ten of the complaint does reference three federal statutes–42 U.S.C. § 1983 (a federal civil rights statute that the Magistrate Judge correctly noted does not apply to private parties), 12 U.S.C. § 2601, and 15 U.S.C. § 1692–as the Magistrate Judge determined, the Plaintiff's mere invocation of a federal statute, or a constitutional right, is insufficient to confer federal court subject matter jurisdiction. <u>See</u>, e.g., <u>Mulcahey v. Columbia Organic Chemicals Co.</u>, 29 F.3d 148, 154 (4th Cir. 1994) (holding that the plaintiff's mere reference to federal statutes in state common law negligence action did not support federal subject matter jurisdiction).



In his objections, the Plaintiff again summarily claims that he "seeks damages from a fraudulent scheme perpetuated against him by the Defendants in violation of 42 U.S.C. § 1983, 12 U.S.C. § 2601, et seq., and 15 U.S.C. § 1692, et. seq.," but the Court finds these conclusory allegations insufficient to confer federal question jurisdiction. (<u>See</u> Entry 29 at 4.) In any event, the Court notes that this finding is largely irrelevant, insofar as the Court has already determined that the doctrine of *res judicata* and the <u>Rooker</u>-<u>Feldman</u> doctrine bar the Plaintiff's claims.

### The Plaintiff's Motion to Amend His Complaint

In addition to filing objections to the R&R, the Plaintiff filed a motion to amend his



7

complaint to "more thoroughly frame the relevant federal issues before this Court." (Entry 30 at 1.) Importantly, however, as the Defendants point out, the Plaintiff does not submit a proposed amended pleading or allege any specific information regarding what the Plaintiff seeks to add or change in any amended pleading.

When considering whether to grant leave to amend, a "court should freely give leave when justice so requires." Fed. R. Civ .P. 15(a)(2). Though denial of leave to amend lies within the district court's discretion, the court may not deny a party's motion solely on the basis of delay. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). Instead, "delay must be accompanied by prejudice, bad faith, or futility." Id. A proposed amendment may be denied as futile if the proposed amended complaint would not survive a motion to dismiss. Burns v. AAF–McQuay, Inc., 166 F.3d 292, 294-95 (4th Cir. 1999).

Here, after review, the Court denies the Plaintiff's motion to amend. Although there is no allegation of bad faith on the part of the Plaintiff, it appears, for the reasons set forth above, that any proposed amendment would be futile. See also Estrella v. Wells Fargo Bank, N.A ., 497 F. App'x 361, 362 (4th Cir. July 27, 2012) (holding that when "the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, 'the district court [does] not abuse its discretion in failing to give the plaintiff[ ] a blank authorization to 'do over' [his] complaint'") (quoting Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009)); Cozzarelli v. Inspire Pharms., Inc., 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion in declining to grant a motion to amend that was raised only in opposition to a motion to dismiss and in objections to the Magistrate Judge's report).

8

## CONCLUSION

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Moreover, the Court finds that the Plaintiff's objections are without merit and that there is no reason to permit the Plaintiff to file an amended complaint at this time. Therefore, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 27) is adopted and incorporated herein; the Defendants' motion to dismiss (Entry 23) is granted; the Plaintiff's objections (Entry 29) are overruled; the Plaintiff's motion to amend (Entry 30) is denied; and this matter is ended.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 8, 2015
Charleston, South Carolina